13-0912-cv
Gander Mountain Co. v. Islip U-Slip LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JOSÉ A. CABRANES,
> > *Circuit Judge*,
> RICHARD M. BERMAN,
> > *District Judge*.[*]

---

GANDER MOUNTAIN COMPANY,

> *Plaintiff-Appellant*,

> v.                                                                 No. 13-0912-cv

ISLIP U-SLIP LLC,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:          DUDLEY W. VON HOLT, Thompson Coburn LLP, St. Louis,
                                              MO (Bruce D. Ryder, Paul T. Sonderegger, Thompson Coburn

---

[*] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

LLP, St. Louis, MO; Alan J. Pope, Pope & Schrader LLP, Binghamton, NY, *on the brief*).

For Defendant-Appellee:       JEANETTE SIMONE, Hinman, Howard & Kattel, LLP, Binghamton, NY.


Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gander Mountain Company ("Gander") appeals from a February 11, 2013 judgment entered by the United States District Court for the Northern District of New York (D'Agostino, *J.*), which dismissed Gander's claims for fraud, breach of contract, and related causes of action against Defendant-Appellee Islip U-Slip LLC ("Islip"). Gander's claims arise out of a commercial lease signed in 2004, in which Gander leased a parcel of real property from nonparty Pathmark Stores, Inc. ("Pathmark") in order to operate a retail outdoor equipment store. Islip later purchased the premises from Pathmark in 2010, taking over the lease. The premises flooded in 2006 and again in 2011. After the second flood, Gander discovered that the premises had previously flooded perhaps as many as four additional times in the twenty years preceding the signing of the lease. As relevant here, the district court dismissed Gander's claims for fraud on statute of limitations grounds, finding that Gander was on inquiry notice of Pathmark's alleged failure to disclose the premise's flooding history after the first flood in 2006. In the alternative, the district court found that Pathmark had no duty to disclose the premises' flooding history because that information was readily available to Gander. On appeal, Gander argues that both of these grounds for dismissal are erroneous and that the district court abused its discretion in denying Gander's request for leave to amend its complaint.

2

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim *de novo*, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Under New York law, the statute of limitations for fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." N.Y. CPLR § 213(8). Here, an independent review of the record and relevant case law reveals that the district court correctly concluded that Gander was on inquiry notice of the alleged fraud in 2006. Accordingly, for substantially the reasons stated by the district court in its thorough decision entered on February 11, 2013, we affirm the dismissal of Gander's fraud claims for failure to comply with the statute of limitations.

Furthermore, we conclude that Gander could not have cured this deficiency through an amended complaint. Amendment therefore would have been futile, and thus the district court did not err in denying Gander's request for leave to amend. Having resolved the appeal on these grounds, we need not address Gander's argument challenging the alternative basis for the district court's decision.

3

We have considered all of Gander's remaining arguments and find them to be without

merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK